UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN BORDAS
    Plaintiff,

V.                                                                                 Civil Action No. 08-00339 (JDB)

DEPARTMENT OF JUSTICE
d/b/a/ DRUG ENFORCEMENT ADMINISTRATION,
    Defendant.

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendant respectfully submits this reply to plaintiff's opposition to defendant's motion to dismiss and for summary judgment (Opposition).

**Conceded Arguments**

Plaintiff's Opposition failed to dispute or rebut defendant's statement of material facts and any of defendant's arguments for dismissal and summary judgment except for the argument that plaintiff failed to exhaust administrative remedies as to the additional files identified because he had failed to pay the requested fee. It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., General Bd. Of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (*citing FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *see also* Local Rule LCvR 7(b); *Bancouldt v. McNamara*, 227 F.Supp.2d 144, 149 (D.D.C. 2002); *Bramwell v. Blakey,* 2006 WL 1442655, *8 (D.D.C.2006; *Hornbeck Offshore Transp., LLC v. U.S. Coast Guard,* 2006 WL 696053, *23 (D.D.C.2006)*; *Hooker-Robinson v. Rice,* 2006 WL 508343, *3 (D.D.C. 2006); *Matta v. Snow*, 2005 WL 3454334, *23 (D.D.C.2005). Therefore, the Court should find that plaintiff has conceded

defendant's arguments that it conducted a reasonable search for responsive records, that the identified Privacy Act and Freedom of Information Act exemptions[1] properly were applicable to the 40 pages of responsive information identified in the initial search; and that all reasonably segregable material has been released to plaintiff.

**Failure to Exhaust Administrative Remedies as to the Additional Files Identified.**

By letter dated April 29, 2008, DEA informed the plaintiff that it had identified additional headquarters and field files which might contain information responsive to his request. Wassom Dec. at Exhibit K. DEA estimated that the fee for searching the additional files would be approximately $896.00. *Id.* at p. 2. The first search conducted had exhausted the fee limitation imposed by 28 C.F.R.§16.11(d)(3) which provides for no charge for the first two hours of search. Wassom Dec. Exhibit K at p. 1-2. Since DEA had no record of a history of payment by plaintiff, DEA required payment in advance pursuant to 28 C.F.R. § 16.11 (i)(2). Wassom Dec. Exhibit K at p. 3. Plaintiff has not paid the requested fee. Wassom Dec. at ¶ 20. Instead he has asked the Court to direct the DEA to waive the fee solely due his indigency. Docket # 10.

Plaintiff's Opposition argues, inter alia, that the requested information could assist "his liberty interest" and that not giving him the documents "amount to [violation of] due process of law guaranteed by the 1st Amendment to redress and access the court and 14th Amendment equal protection to justice as U.S. Constitution guarantee. . . ." Docket No 16, Opposition at p. 3.

The waiver of fees concerning a FOIA request is governed by 5 U.S.C.A. § 552 (4)(A)(iii):

---

[1] The exemptions claimed in the motion were 5 U.S.C. § 552a(j)(2), 5 U.S.C. § 552(b)(2),  5 U.S.C. § 552(b)(6), 5 U.S.C. § 552(b)(7)(C),; 5 U.S.C. § 552 (b)(7)(D), 5 U.S.C. § 552(b)(7)(F).

> Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

The courts consistently have found no public interest in disclosure of information to assist a convict in challenging his conviction. *See e.g. Harrington v. Department of Justice*, 2007 WL 625853, 4 (D.D.C.2007)

> At most, granting a fee waiver and disclosing these public records advances nothing other than plaintiff's own understanding of his criminal case. This private interest is not relevant to the fee waiver analysis. *See, e.g., McClain v. U.S. Dep't of Justice*, 13 F.3d 220, 220-21 (7th Cir.1993) (fee waiver denied to indigent prisoner who pursued private interest, a challenge to his criminal conviction, in seeking FBI records about himself). Furthermore, plaintiff's indigence alone, without a showing of a public benefit, is not a valid basis for granting a fee waiver. *See Ely v. U.S. Postal Serv.*, 753 F.2d 163, 165 (D.C.Cir.1985) (per curiam); *Durham v. U.S. Dep't of Justice*, 829 F.Supp. 428, 435 n. 10 (D.D.C.1993).

*Id.; Thomas v. U.S. Dept. of Justice*, 531 F.Supp.2d 102, 108 -109 (D.D.C.2008)(personal need for information to challenge plaintiff's criminal conviction not in the public interest); *Bansal v. Drug Enforcement Admin.*, 2007 WL 551515, 5 -6 (E.D.Pa.2007) (personal need for the information for use in plaintiff's criminal appeal not in public interest).

Therefore, plaintiff fails to meet the statutory and regulatory requirements for fee waiver found in 5 U.S.C.A. § 552 (4)(A)(iii) and 28 C.F.R. § 16.11(k). "[I]ndigence is not a justification for waiving fees." *Decato v. Executive Office for U.S. Attorneys*, 2003 WL 22433759, 1 (D.C. Cir. 2003) (*citing Ely v. United States Postal Service*, 753 F.2d 163, 165 (D.C.Cir.), cert. denied, 471 U.S. 1106 (1985)); *accord Kumar v. U.S. Dept. of Justice*, 2007 WL 537723, 3 (D.D.C.2007).

Therefore plaintiff has failed to exhaust his administrative remedies because he has not paid the fees required for a search of the additional files.

## CONCLUSION

Therefore, the Agency's Motion to Dismiss and for Summary Judgment should be granted and Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970 *Of Counsel:*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2008, I caused the foregoing *Reply,* to be served on *pro se* Plaintiff, postage prepaid, addressed as follows:

JUAN BORDAS
R 50700-004
MIAMI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 779800
MIAMI, FL 33177
PRO SE

                                              /s/
                                       Rhonda C. Fields
                                       Assistant United States Attorney
                                       555 4th Street, NW
                                       Civil Division
                                       Washington, D.C.  20530
                                       (202) 305-4851
                                       (202) 514-8780 (facsimile)