# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN BORDAS, | |
| **Plaintiff,** | |
| v. | **Civil Action No.  08-0339 (JDB)** |
| DEPARTMENT OF JUSTICE, | |
| **Defendant.** | |

## MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

plaintiff challenges the Drug Enforcement Administration's ("DEA") withholding of information

responsive to his FOIA request.  The Department of Justice, of which DEA is a component,

moves to dismiss under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure and for

summary judgment under Rule 56.  Upon consideration of the parties' submissions, which

include matters beyond the pleadings, and the entire record, the Court will grant defendant's

motion for summary judgment.[1]

## I.  BACKGROUND

By letters of August 10, October 24 and November 14, 2006, plaintiff requested from

DEA records pertaining to him and his criminal case, *U.S. v Juan Bordas*.  Def.'s Mot.,

Declaration of Leila I. Wassom ("Wassom Decl."), Exs. A, B, D.  DEA acknowledged plaintiff's

August 10, 2006 request by letter of October 31, 2006, and, among other information, advised

---

[1]  "If, on a motion under Rule 12(b)(6)  . . . , matters outside the pleadings are presented
to and not excluded by the court, the motion must be treated as one for summary judgment under
Rule 56."  Fed. R. Civ. P. 12(d).

him "[i]n regard to your request for a waiver of fees" that his indigence alone did not qualify him for a waiver of fees or a fee reduction. *Id.*, Ex. C at 1.  DEA  confirmed plaintiff's "obligation as stated in your request letter, that by filing your request, you agreed to remit any applicable fees charged under 28 C.F.R. 16.11, up to $25.00," but also informed him that the first two hours of search time and the duplication of the first 100 pages of responsive records would be provided at no charge. *Id.*

By letter of June 13, 2007, after having received in plaintiff's November 14, 2006 letter sufficient information to process the FOIA request, DEA released 17 redacted pages to plaintiff and informed him that it had withheld 23 pages of responsive material.  DEA withheld material under FOIA exemptions 2, 7(C), 7(D) and 7(F), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), *see* 5 U.S.C. § 552a.  *Id.*, Ex. F.  The letter further informed plaintiff of his right to appeal the decision to DOJ's Office of Information and Privacy ("OIP").  In a separate letter also dated June 13, 2007, DEA informed plaintiff that he was mentioned in "other 'related' files" that had yet to be searched or processed because "DEA does not routinely process documents that may be located in other files [not catalogued by the requester's identifiers] and may merely mention the subject of the request." *Id.*, Ex. G.  It assessed a search fee of $168, for which plaintiff could indicate his agreement to pay by signing on a line provided on page two of the letter. *Id.*  On August 9, 2007, OIP received plaintiff's appeal of DEA's withholding of information under exemptions "(b)(7)(C) and (b)(7)(D)," which included the second page of DEA's assessment letter bearing plaintiff's signature. *Id.*, Ex. H.  OIP affirmed DEA's decision by letter of December 7, 2007 "on partly modified grounds." *Id.*, Ex. J.  Plaintiff filed this civil action on February 7, 2008.

During the course of this litigation, DEA informed plaintiff by letter of April 29, 2008 that the initial assessment of $168 did not include charges for searching six DEA field files and four "file references" at DEA Headquarters. *Id*., Ex. K. It recalculated the search fee to $896, advised plaintiff about narrowing his request to reduce his costs and gave him 45 days to "indicate in writing the file number(s) [to be searched] [and] whether you wish the field file or a Headquarters search." *Id*. at 3. DEA advised plaintiff that if he did not respond "it will be presumed that you do not wish that DEA conduct the search of any of the additional files, and the processing and release of any responsive materials." *Id*. Plaintiff received the letter on May 22, 2008, *id*., Ex. M, but he had not responded to it by July 17, 2008. Wassom Decl. ¶ 20. Rather, on May 27, 2008, plaintiff filed a motion in this case to obtain any additional documents presumably at no cost based on his status as a party proceeding *in forma pauperis* [Dkt. No. 10].

By letter of July 9, 2008, following "a final litigation review," *id*. ¶ 21, DEA released portions of one page previously withheld in its entirety from the June 13, 2007 release and additional portions of a previously redacted page. *Id.*, Ex. N.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; rather, its response

3

must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion.  *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

The FOIA requires a federal agency to release all records responsive to a proper request except those protected from disclosure by one or more of nine enumerated exemptions set forth at 5 U.S.C. § 552(b).  The district court is authorized "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).  The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and quotation omitted); *see also Maydak v. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (the government has the burden of proving each claimed FOIA exemption).  The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of

agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also*

*Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

## III. DISCUSSION

Defendant asserts that it is entitled to judgment because (1) DEA properly applied FOIA

exemptions to the withheld material and (2) plaintiff failed to exhaust his administrative

remedies as to the additional files located during the course of this litigation.

### *1. The Court Has Subject Matter Jurisdiction*

As an initial matter, defendant's Rule 12(b)(1) motion to dismiss for lack of subject

matter jurisdiction is based on plaintiff's failure to exhaust administrative remedies by paying the

search fee assessed during the course of this litigation.  *See* Def.'s Mem. of P. & A. at 12-13.  It

is established, however, that FOIA's exhaustion requirement is not a jurisdictional prerequisite to

bringing a lawsuit but rather is a condition precedent to obtaining judicial review.  *See Hidalgo v.*

*FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003) (remanding with instructions for the district court

to dismiss unexhausted FOIA claim under Fed. R. Civ. P. 12(b)(6)).  Hence, defendant's Rule

12(b)(1) motion to dismiss is denied.

### *2. DEA Properly Invoked FOIA Exemptions*

Defendant rightly asserts that plaintiff has not disputed, and thus has conceded, its well-

documented bases for redacting information from the 17 released pages and withholding 23

pages completely.  *See* Wassom Decl. ¶¶ 43-69.  Moreover, the Court is satisfied from Ms.

Wassom's description of the latter pages, *id*. ¶¶ 74-80, that DEA released all reasonably

segregable documents.  *See Trans-Pacific Policing Agreement v. United States Customs Service*,

177 F.3d 1022, 1027-28 (D.C. Cir. 1999) (placing an "affirmative duty" on the Court to

determine  whether non-exempt information could have been segregated from exempt

information and released).  Defendant is entitled to judgment as a matter of law on its

uncontested exemption claims.

### 3.   *Plaintiff Failed to Exhaust His Administrative Remedies*

The payment or waiver of assessed fees or an administrative appeal from the denial of a

fee waiver request is an element of exhaustion under the FOIA.  *Oglesby v. U.S. Dep't of Army*,

920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion does not occur until the required fees are paid or

an appeal is taken from the refusal to waive fees.") (citations omitted).  Absent a fee waiver,

payment of assessed fees is required "[r]egardless of whether the plaintiff 'filed' suit before or

after receiving a request for payment."  *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F. Supp.

64, 68 (D.D.C. 1996) (*citing Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.), *cert. denied*,

518 U.S. 1032 (1995)).

Plaintiff challenges DEA's refusal to grant him a fee waiver based on his indigency.  *See*

*generally* Motion by Plaintiff Juan Bordas Opposition to Defendant's Summary Judgment

Motion ("Pl.'s Opp.") [Dkt. No. 16].[2]  A fee waiver or reduction is warranted if the FOIA

requester shows that "disclosure of the information is in the public interest because it is likely to

contribute significantly to public understanding of the operations or activities of the government

and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  In

his motion, which will be interpreted as seeking a fee waiver [Dkt. No. 10], plaintiff states only

---

[2]   Plaintiff also claims that DEA did not comply with DOJ's regulation to provide the
first two hours of search time free of charge, *id*. at 1, but DEA informed plaintiff in the April 29,
2008 letter that "[t]hat time was consumed during the search . . . that resulted in the identification
of 40 pages. . . ."  Wassom Decl., Ex. K at 2.  Thus, DEA rightly determined that any further
searches would require plaintiff's payment barring a fee waiver.

that he is indigent.  In his opposition to the pending dispositive motion, plaintiff suggests that the records would assist him in fighting for "his liberty interest."  Pl.'s Opp. at 2.  Plaintiff has not asserted a public benefit resulting from the release of the requested material and his indigence alone is not a proper basis for granting a fee waiver or reduction.  *See Ely v. Postal Service*, 753 F.2d 163, 165 (D.C. Cir. 1985) ("Prior decisions clearly tie fee waivers to public benefit . . . and establish that where the requester seeks information concerning himself only, denied [sic] of fee waivers will be upheld despite the requester's indigence.") (citations and internal quotation marks omitted).

Plaintiff admits that he cannot afford to pay the assessed fee, but he has not  indicated whether he has considered DEA's offer to narrow his request as a way of reducing the costs.  In any event, DOJ regulations require components to charge for processing FOIA requests, except under circumstances not applicable here.  *See* 28 C.F.R. § 16.11(a), (c)(1) (search fees).  "Where [as here] a component determines or estimates that a total fee to be charged under this section will be more than $250.00, it may require the requester to make an advance payment of an amount up to the amount of the entire anticipated fee before beginning to process the request," 28 C.F.R. § 16.11 (i)(2), and it "shall not" consider the request "received" or perform "further work" on it "until the required payment is received."  § 16.11(i)(4).  In the absence of any evidence that DEA has acted improperly under the FOIA, the Court lacks authority to compel it to conduct an additional search for records prior to obtaining plaintiff's payment of the assessed fee.

For the foregoing reasons, the Court grants defendant's motion for summary judgment and denies plaintiff's motion to obtain documents requested under the FOIA based on his *in forma pauperis* status.  A separate Order accompanies this Memorandum Opinion.

s/
_____
JOHN D. BATES
United States District Judge

Dated: October 20, 2008

7